UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOSEPH CHAMBERS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 14 CV 10254 |
| v. | ) Hon. Marvin E. Aspen |
| | ) |
| FREDERICKSEN, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

Presently before us are several motions, including Defendant Officer Fredericksen's motion to dismiss Plaintiff Joseph Chambers' third amended complaint for failure to state a claim and for insufficient service of process, (Dkt. No. 41), Defendant Cook County's motion to dismiss for failure to state a claim, (Dkt. No. 36), and Defendant Village of Lynwood's motion to dismiss for failure to state a claim, (Dkt. No. 34). Also before us is Plaintiff's motion for leave to file a fourth amended complaint, (Dkt. No. 50), Plaintiff's motion for leave to file a response to Officer Fredericksen's motion to dismiss, (Dkt. No. 45), and Plaintiff's motion for leave to file a response to Lynwood's motion to dismiss, (Dkt. No. 48). For the reasons set forth below, we grant Plaintiff's motions for leave to file responses to the defendants' motions to dismiss, and grant Plaintiff's motion for leave to file a fourth amended complaint in part and deny it in part. We also grant Lynwood's and Cook County's motions to dismiss, with prejudice, and deny Officer Fredericksen's motion to dismiss as moot.

## BACKGROUND

On December 22, 2014, Plaintiff filed a complaint against Lynwood Police Department Officer Brandin Fredericksen alleging excessive force in violation of 42 U.S.C. § 1983 and, under Illinois law of indemnification, alleging that the Cook County Sheriff, as Officer Fredericksen's employer, was liable for any future money judgment against Officer Fredericksen. (Dkt. No. 1 ¶¶ 1, 8–15, 16–17.) Plaintiff's excessive force claim is based on an incident in which Officer Fredericksen allegedly attacked and "tazed" him while he sat in his car. (Dkt. No. 24 ¶ 10.)

We granted Plaintiff leave to amend his complaint on June 6, 2015. (Dkt. No. 11.) Plaintiff's first amended complaint replaced the Cook County Sheriff with the Lynwood Police Department as defendant, again alleging the Lynwood Police Department, as Officer Fredericksen's true employer, was liable for any future money judgment in Plaintiff's favor under an indemnification theory. (Dkt. Nos. 8, 15.) On January 25, 2016, Plaintiff filed a motion for leave to file a second amended complaint, which we granted on January 27, 2016. (Dkt. No. 19.) The second amended complaint again added the Cook County Sheriff as a defendant. (Dkt. No. 17, Ex. 1.) On June 10, 2016, we dismissed all defendants without prejudice because Plaintiff failed to timely serve them, and granted Plaintiff leave to file a third amended complaint. (Dkt. Nos. 20, 23.)

Plaintiff filed his third amended complaint on July 5, 2016, naming Officer Fredericksen, the Village of Lynwood, and Cook County—as opposed to the Cook County Sheriff—as defendants. (Dkt. No. 24.) On August 1, 2016, both Lynwood and Cook County moved to dismiss Plaintiff's third amended complaint, arguing that it was barred by the applicable statute of limitations. (Dkt. Nos. 34, 36.) On August 11, 2016, Officer Fredericksen moved to dismiss

Plaintiff's third amended complaint for insufficient service and because it is barred by the applicable statute of limitations. (Dkt. No. 41.)

Thereafter, Plaintiff filed the instant motion for leave to file a fourth amended complaint on September 6, 2016. (Dkt. No. 50.) Plaintiff states that, upon reviewing the defendants' motions to dismiss,[1] he discovered his third amended complaint erroneously lists January 3, 2012 as the date of the incident giving rise to his claims, when in fact, that incident occurred a year later, on January 3, 2013. (Dkt. Nos. 50 ¶ 1, 50–3 ¶ 7; *see* Dkt. No. 48–4 (arrest report indicating the correct date).) Plaintiff's fourth amended complaint thus seeks leave to correct that error. (Dkt. No. 50–3 ¶ 7.) Plaintiff also seeks to add two new claims pursuant to *Monell v.Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 98 S. Ct. 2018 (1978)—§ 1983 claims against the Village of Lynwood and against Cook County. (Dkt. No. 50–3 ¶¶ 27–30, 31–34.) All three defendants oppose the amendment.

## LEGAL STANDARD

Plaintiff's motion for leave to file a fourth amended complaint is governed by Rule 15, which permits a party to amend a pleading more than 21 days after service "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P (15)(a)(2). We have discretion to grant amendments "when justice so requires." *Id.* However, we also have "broad discretion to deny leave to amend where there is undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the defendants, or where the amendment would be futile." *Hukik v. Auror Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009) (quoting *Arreola v. Godinez*, 546 F.3d 788, 796 (7th Cir. 2008)) (internal quotation marks omitted).

---

[1] In connection with those motions to dismiss, Plaintiff missed the deadlines to file a response. We grant Plaintiff's motions for leave to file responses to the motions to dismiss, (Dkt. Nos. 45, 48), and consider his responses for purposes of deciding the present motions.

Defendants' motions to dismiss for failure to state a claim are governed by Rule 12(b)(6), and Officer Fredericksen's motion to dismiss for insufficient service is governed by Rule 12(b)(5). "The purpose of the motion to dismiss is to test the sufficiency of the complaint, not decide the merits." *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990) (quoting *Triad Assocs., Inc. v. Chicago Hous. Auth.*, 892 F.2d 583, 586 (7th Cir. 1989)) (internal quotation marks omitted). When evaluating a motion to dismiss, we accept all well-pleaded factual allegations as true, and draw all inferences in the plaintiff's favor. *Cole v. Milwaukee Area Tech. Coll. Dist.*, 634 F.3d 901, 903 (7th Cir. 2011).

To survive a Rule 12(b)(6) motion to dismiss, a complaint need only contain enough facts to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 556 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007)) (internal quotation marks omitted). Accordingly, a complaint "has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

To survive a Rule 12(b)(5) motion to dismiss, the "plaintiff bears the burden to demonstrate that the district court has jurisdiction over each defendant through effective service." *Cardenas v. City of Chicago*, 646 F.3d 1001, 1005 (7th Cir. 2011). If the plaintiff does not meet that burden, we "must either dismiss the suit or specify a time within which the plaintiff must serve the defendant." *Id.* "[T]he decision whether to dismiss or extend the period for service is inherently discretionary." *Id.* (citing *United States v. Ligas*, 549 F.3d 497, 501 (7th Cir. 2008).

## ANALYSIS

### I. Proposed Amendment as to Claims Against Officer Fredericksen

Officer Fredericksen opposes Plaintiff's motion for leave to file a fourth amended complaint on three grounds: (1) "the delay in seeking the amendment is based solely on the Plaintiff's undue delay, dilatory motive, and repeated failures to cure deficiencies in the complaint," (Dkt. No. 53 at 3), (2) the proposed *Monell* claims would be unduly prejudicial because the underlying conduct happened in the "distant past," (*id.* at 4), and (3) Plaintiff's proposed amendment is futile because his claim would not survive a motion to dismiss for insufficient service, (*id.* at 4–5).

Plaintiff's proposed amendment comes nearly two years after he filed his initial complaint. However, even where significant, "delay is an insufficient basis for denying a motion to amend unless this delay results in undue prejudice to the opposing party." *Tragarz v. Keene Corp.*, 980 F.2d 411, 432 (7th Cir. 1992) (citing *Textor v. Bd. of Regents*, 711 F.2d 1387, 1391 (7th Cir. 1983)). Officer Fredericksen does not address how Plaintiff's proposed amendment to correct the date of the incident would be prejudicial. Plaintiff's amended complaint would not, for example, require re-opening discovery, or require Officer Fredericksen to defend against any new claims. *See, e.g., Johnson v. Cypress Hill*, 641 F.3d 867, 872–73 (7th Cir. 2011) (finding that the defendant would be substantially prejudiced by an amendment that introduced new claims and would require re-opening discovery that "had long been closed").

Additionally, while Plaintiff has had multiple opportunities to amend his complaint, he states that it was not until receiving the defendants' motions to dismiss that he realized the incident date was incorrectly alleged in the pleadings. Plaintiff promptly motioned for leave to file an amended complaint to correct the error upon learning of that mistake. *See Gregg*

*Commc'ns. Sys., Inc. v. Am. Tel. & Tel. Co.*, 98 F.R.D. 715, 721 (N.D. Ill. 1983) (finding no undue prejudice in part because the parties seeking amendment were not "dilatory in amending their pleadings once the need to do so became apparent"). Thus, we are unpersuaded by Officer Fredericksen's contentions that the amendment would create undue prejudice, or that Plaintiff has been dilatory in seeking to correct the complaint.

Officer Fredericksen also opposes Plaintiff's proposed amendment to add *Monell* claims. He argues that the amendment will prejudice him because he will have to "defend his actions and decision making in situations that occurred in the distant past and which are no longer actionable against Officer Fredericksen." (Dkt. No. 53 at 4.) However, Plaintiff's proposed *Monell* claims are against Lynwood and Cook County, not Officer Fredericksen. (Dkt. No. 50–3 ¶ 27–30, 31–34.) Accordingly, we reject Officer Fredericksen's contention that Plaintiff's proposed *Monell* claims would unduly prejudice him.

Finally, Officer Fredericksen argues that Plaintiff's amended complaint would be futile, because it "will not resolve the issue of the timeliness of service of the Plaintiff's complaint." (Dkt. No. 53 at 4.) An amendment is futile if it would not survive a motion to dismiss. *Vargas v. Racine Unified Sch. Dist.*, 272 F.3d 964, 374–75 (7th Cir. 2001). Officer Fredericksen states that he was not served with Plaintiff's initial complaint "until 566 days after the Complaint was filed and amended three times," and thus Plaintiff's action should be dismissed for insufficient service. (Dkt. No. 53 at 5.)

At the time Plaintiff filed his initial complaint, Rule 4(m) required Plaintiff to serve Officer Fredericksen within 120 days after the complaint was filed, or "show good cause" for failing to do so. Fed. R. Civ. P. 4(m) (amended 2015). When a plaintiff fails to comply with Rule 4(m)'s requirements for timely service and does not show good cause for that failure, we

must dismiss the action without prejudice "or order that service be made within a specified time." Fed. R. Civ. P 4(m) (amended 2015); *see also* Fed. R. Civ. P. 4(m) advisory committee's note to 1993 amendment (stating that courts may grant a plaintiff additional time for service and to avoid the consequences of failing to comply with 4(m) "even if there is no good cause shown").

Plaintiff did not timely serve Officer Fredericksen with his initial or first amended complaint. On March 21, 2016, we ordered Plaintiff to serve all of the defendants with his second amended complaint by June 2, 2016, or his case would be dismissed. (Dkt. No. 20.) On June 10, 2016, we dismissed all defendants without prejudice because Plaintiff failed to timely serve them with his second amended complaint, but we granted Plaintiff leave to file a third amended complaint and effectuate service by July 11, 2016. (Dkt. Nos. 20, 23.) Plaintiff filed his third amended complaint on July 5, 2016, (Dkt. No. 24), and timely served Officer Fredericksen on July 10, 2016, (Dkt. No. 26–1 at 2). Because Plaintiff timely served the defendants, including Officer Fredericksen, within the time frame we specified, he has complied with the Rule 4(m) requirements. Plaintiff's third amended complaint is therefore not subject to dismissal for insufficient service, and his proposed amendment is not futile.

For the above reasons, we grant Plaintiff's motion for leave to file a fourth amended complaint as to his claims against Officer Fredericksen, and deny as moot Officer Fredericksen's motion to dismiss Plaintiff's third amended complaint.

## II. Proposed Amendment as to Claims Against the Village of Lynwood

Lynwood has moved to dismiss Plaintiff's third amended complaint pursuant to Rule 12(b)(6), arguing Plaintiff's state law indemnification claim is time barred. (Dkt. No. 34 at 4–5.) Lynwood opposes Plaintiff's motion for leave to file a fourth amended

complaint, arguing that Plaintiff's proposed amendment is futile for the same reason.  Lynwood also opposes Plaintiff's proposed *Monell* claim, arguing the amendment would cause undue prejudice.  (Dkt. No. 54 at 7.)

With respect to the indemnification claim, Lynwood argues that, even if Plaintiff's proposed amended complaint would correctly list the date of the incident giving rise to his claim as January 3, 2013, he had only one year, or until January 3, 2014, to file his indemnification claim pursuant to "the applicable one-year statute of limitations set forth in the Illinois Governmental and Governmental Employees' Tort Immunity Act."  (Dkt. No. 54 at 4–5 (citing 745 ILCS 10/8–101).)  Because Plaintiff did not file his complaint until December 22, 2014, Lynwood contends that his indemnification claim is time barred regardless of the proposed amendment.  (*Id.* at 6.)

Plaintiff's indemnification claim against Lynwood alleges that "Illinois law provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their duties."  (Dkt. No. 24 ¶ 18.)  However, "Illinois local governmental entities and their employees . . . benefit from a one-year statute of limitations for 'civil actions' against them."  *Williams v. Lampe*, 399 F.3d 867, 870 (7th Cir. 2005) (quoting 745 ILCS 10/8–101).  Further, "the one-year period applies to state-law claims that are joined with a § 1983 claim," as here, where Plaintiff's indemnification claim is joined with

his § 1983 excessive force claim.[2]  *Id.* (citing *Am. Nat'l Bank & Tr. Co. of Chi. v. Town of Cicero*, No. 01 C 1396, 2001 WL 1631871, at *14 (N.D. Ill. Dec. 14, 2001)).

Thus, even if Plaintiff alleged the incident occurred on January 3, 2013, he was required to assert his indemnification claim by January 3, 2014 at the latest. Because Plaintiff did not file his complaint until December 22, 2014, his indemnification claim against Lynwood is barred by the statute of limitations in 745 ILCS 10/8–101. Plaintiff's proposed amendment is thus futile as it relates to his state law indemnification claim against Lynwood, and we deny his request for leave to file an amended complaint as it pertains to that claim. *See Vargas*, 272 F.3d at 374–75 (holding that an amendment is futile if it would not survive a motion to dismiss); *see also Logan v. Wilkins*, 644 F.3d 577, 582 (7th Cir. 2011) ("[W]hen the allegations of the complaint reveal that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim."). For the same reason, we grant Lynwood's motion to dismiss Plaintiff's corresponding state law indemnification claim, with prejudice.

Second, Lynwood argues that Plaintiff's proposed *Monell* claim "would, without question, result in undue prejudice" because Plaintiff "seeks to add new claims three or four years after the incident occurred, and almost two years after the original complaint was filed," and because the claim "would require extensive, and expensive, discovery." (Dkt. No. 54 at 7.) Further, Lynwood argues that Plaintiff should not now be allowed to amend his complaint after he "repeatedly failed to fix the deficiencies with the complaint, although he was given ample opportunities to do so." *Id.*

---

[2] In his response to Lynwood's motion to dismiss, Plaintiff contends that his claims are federal constitutional claims and thus are not subject to 745 ILCS 10/8–101. (Dkt. No. 48-2 at 1–2.) While plaintiff's excessive force claim against Fredericksen is made pursuant to 42 U.S.C. § 1983, his complaint clearly states that his indemnification claim against Lynwood is made pursuant to Illinois law and is thus subject to the statute of limitations in 745 ILCS 10/8–101. (Dkt. No. 24 ¶¶ 18–19.)

As we observe above, delay alone "is an insufficient basis for denying a motion to amend unless this delay results in undue prejudice to the opposing party." *Tragarz*, 980 F.2d at 432 (citing *Textor*, 711 F.2d at 1391). That Plaintiff's proposed amended complaint comes two years after his original complaint is not enough to justify disallowing the amended complaint. Although Plaintiff's proposed *Monell* claim might require more discovery than Lynwood anticipated, discovery is not closed in this litigation and thus allowing the additional claim will not cause undue prejudice to Lynwood. *See Feldman v. Am. Mem'l. Life Ins. Co.*, 196 F.3d 783, 793 (7th Cir. 1999) (affirming the denial of leave to amend a pleading as unduly prejudicial where the motion was made "well after the close of discovery"); *Sanders v. Venture Stores, Inc.*, 56 F.3d 771, 774 (7th Cir. 1995) (observing that a motion for leave to amend would be unduly prejudicial because it required a defendant to "re-litigate the dispute on new bases . . . and incur new rounds of additional and costly discovery").

Additionally, while Plaintiff has already amended his complaint several times, his failure to add the *Monell* claim until now does not necessarily establish a dilatory motive. In support of his motion for leave to file a fourth amended complaint, Plaintiff argues that he "has investigated the matter further and located other instances of excessive force allegations at the hand of Defendant Fredericksen." (Dkt. No. 50 ¶ 4.) Plaintiff does not explicitly state when he learned of this new information concerning Officer Fredericksen's alleged misconduct, or Lynwood's alleged knowledge of that misconduct. Regardless, there is no indication that Plaintiff has been dilatory in amending his complaint after discovering this new information. While we agree with Lynwood that this litigation needs to move forward at this point, we disagree that Rule 15(a) bars us from granting Plaintiff leave to amend his complaint. Thus, we grant Plaintiff's motion for leave to file a fourth amended complaint asserting a *Monell* claim against Lynwood.

### III. Proposed Amendment as to Claims Against Cook County

Cook County has also moved to dismiss Plaintiff's third amended complaint pursuant to Rule 12(b)(6), because his state law indemnification claim is time barred under 745 ILCS 10/8–101. (Dkt. No. 36 at 3–5.) As a local government entity, Cook County is also covered by the one-year statute of limitations in the Illinois Local Governmental and Governmental Employees Tort Immunity Act. 745 ILCS 10/1–101.1. Therefore, for the same reasons we granted Lynwood's motion to dismiss Plaintiff's state law indemnification claim, we grant Cook County's motion to dismiss, with prejudice.

Cook County also opposes Plaintiff's motion for leave to file a fourth amended complaint to add a *Monell* claim against it. Pursuant to *Monell*, a local government entity may be sued under § 1983 where "the unconstitutional act complained of is caused by: (1) an official policy adopted and promulgated by its officers; (2) a governmental practice or custom that, although not officially authorized, is widespread and well settled; or (3) an official with final policy-making authority." *Thomas v. Cook Cnty. Sheriff's Dept.*, 604 F.3d 293, 303 (7th Cir. 2009) (citing *Monell*, 436 U.S. at 690, 98 S. Ct. at 2035–36).

Plaintiff's proposed *Monell* claim against Cook County would not survive a motion to dismiss and is thus futile. *Vargas*, 272 F.3d at 374–75. Here, Cook County cannot be subject to liability under *Monell* based on the Cook County Sheriff's conduct, because "Illinois sheriffs are independently elected officials not subject to the control of the county." *Ryan v. Cnty. of DuPage*, 45 F.3d 1090, 1092 (7th Cir. 1995); *see also Jones v. Dart*, No. 12 C 9272, 2013 WL 4854368, at *5 (N.D. Ill. Sept. 11, 2013) (holding that Cook County "cannot be held liable for any *Monell* claims" based on conduct or policies that are in the Cook County Sheriff's exclusive control). Because Plaintiff's proposed *Monell* claim is based on Officer Fredericksen's

11

conduct while he was acting under the Cook County Sheriff's "direct supervision," (Dkt. No. 50–3 ¶ 4), and not "conduct involving Cook County employees or any policies or practices of the County," (Dkt. No. 55 at 12), his claim would not survive a motion to dismiss. *See Thompson v. Duke*, 882 F.2d 1180, 1187 (7th Cir. 1989) (explaining plaintiff "cannot maintain a section 1983 action against Cook County for 'practices, policies, or actions' which are unrelated to that entity"). Thus, we deny Plaintiff's motion for leave to file a fourth amended complaint as it pertains to Cook County.

## CONCLUSION

For the foregoing reasons, Plaintiff's motions for leave to file responses to Officer Fredericksen's and Lynwood's motions to dismiss are granted, and Plaintiff's motion for leave to file a fourth amended complaint is granted in part and denied in part. On or before December 2, 2016, Plaintiff may file a fourth amended complaint with respect to his § 1983 claim against Officer Fredericksen and his proposed *Monell* claim against Lynwood. Furthermore, we deny Fredericksen's motion to dismiss as moot, and grant Lynwood's and Cook County's motions to dismiss, with prejudice. It is so ordered.

_____
Marvi
United States District Judge

Dated: November 4, 2016
       Chicago, Illinois